Slip Op. 09-23

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                  :
SINCE HARDWARE (GUANGZHOU)         :
CO., LTD.,                         :
                                  :
                Plaintiff,         :
                                  :
    v.                             :  Court No. 09-00123
                                  :
UNITED STATES,                     :
                                  :
                Defendant,         :
                                  :
    and                            :
                                  :
HOME PRODUCTS INTERNATIONAL,       :
LTD.,                              :
                                  :
                Def.-Ints.         :
_____:

OPINION AND ORDER

[Plaintiff's motion for preliminary injunction granted.]

Dated: March 27, 2009


        *Law Offices of Vincent Bowen* (*Vincent Bowen*) for plaintiff.

        *Michael F. Hertz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*David S. Silverbrand*) for defendant.

        *Blank Rome LLP* (*Frederick L. Ikenson*) for defendant-intervenor.


        Eaton, Judge:  Before the court is plaintiff's motion for a preliminary injunction, to which defendant consents, together with defendant-intervenor's opposition to plaintiff's motion, and

plaintiff's reply to defendant-intervenor's opposition.  For the reasons that follow, the court grants plaintiff's motion.

Defendant-intervenor's primary argument is that plaintiff will not suffer irreparable harm if a preliminary injunction does not issue.  In support of this claim, defendant-intervenor argues that plaintiff is a foreign manufacturer, and, because foreign manufacturers pay no duties, they "are in a completely different position [from importers]: they do not stand to be irreparably injured by the liquidation of importers' past entries and they are not entitled to receive the exceptional injunctive relief afforded by the *Zenith* decision."  Def.-Int.'s Opp. 9 (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983)).  The only other significant issue raised by defendant-intervenor is that plaintiff has a low likelihood of success on the merits, which "cannot be ignored" where, as is alleged here, there is not a strong case of irreparable injury.  Def.-Int.'s Opp. 13.

This Court has recently considered arguments identical to those presented by defendant-intervenor.  *See Qingdao Taifa Group Co. v. United States*, 32 CIT __, Slip Op. 08-118 (Nov. 4, 2008) (not reported in the Federal Supplement) ("*Qingdao Taifa*").  In denying a motion to set aside an injunction against liquidation, the *Qingdao Taifa* Court found:

> No extraordinary showing of irreparable harm
> is required to obtain the injunction sought

here.  It has long been established that liquidation of entries after a final determination of duties for a particular period, before the merits can be litigated, is sufficient harm.  *See Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) (granting domestic producer injunction of liquidation during challenge to periodic review determination).  Also, one need not be an importer to seek relief under 19 U.S.C. § 1516a(c)(3).  *See id*. at 811.  Competitive concerns of the domestic producer were one of the determining factors in *Zenith*.  *See id*. at 810-11.  Competition is no less a concern for a foreign producer or exporter than it is for a domestic producer.  Therefore, Gleason's argument based on Taifa's lack of its own imports is of no consequence and, as a legal matter, Taifa has established irreparable harm.

*Qingdao Taifa*, 32 CIT at __, Slip Op. 08-118 at 3.

Based on the reasoning in *Qingdao Taifa*, defendant-intervenor's argument with respect to plaintiff's inability to establish irreparable harm because of its status as a foreign manufacturer fails.

With regard to defendant-intervenor's likelihood of success on the merits argument, it is well settled that "[t]he greater the harm to the moving party, the lower the standard will be." *Ugine-Savoie Imphy v. United States*, 24 CIT 1246, 1251, 121 F. Supp. 2d 684, 689 (2000) (citation omitted).  It has also "long been established that liquidation of entries after a final determination of duties for a particular period, before the merits can be litigated, is sufficient harm" for the entry of a preliminary injunction.  *See Qingdao Taifa*, 32 CIT at __, Slip

Op. 08-118 at 3 (citation omitted).  Thus, the standard for

demonstrating likelihood of success on the merits in this case is

relatively low.

Defendant-intervenor's main argument with respect to success

on the merits is that there is an "overwhelming case against

plaintiff" based on the United States Department of Commerce's

("Commerce") application of a total Adverse Facts Available

("AFA") antidumping duty rate.  *See* Def.-Int.'s Opp. 13-14.

Plaintiff, on the other hand, asserts that

> even if the Commerce Department's finding of
> a lack of full cooperation with respect to
> sourcing of certain inputs is determined to
> be supported by substantial evidence on the
> record, this does [not] warrant the Commerce
> Department's revocation of Since Hardware's
> eligibility for separate rate status based on
> its reported data and factors of production,
> a status for which the Commerce Department
> qualified Since Hardware in the preliminary
> determination and in the two completed
> administrative reviews.

Pl.'s Reply 6.  For the court, plaintiff has set forth

substantial claims that justify it proceeding to litigation based

on its separate duty rate claim.  *Qingdao Taifa*, 32 CIT at __,

Slip Op. 08-118 at 3 ("While the burden, as to this factor, is

not high in actions such as this when irreparable harm is

established, there still must be a substantial question for the

court to resolve.") (citations omitted).  Here, defendant-

intervenor's assertion that "there can be no substantial question

because [plaintiff] received a total-adverse-facts-based rate of

duty due to non-cooperation . . . does not resolve the matter."
*Id*. at __, Slip Op. 08-118 at 4.  The primary issue to be
litigated in this case is whether the application of total AFA
justified in law and fact Commerce's actions.  Although
plaintiff's full case has not been presented to the court,
plaintiff's claims form a sufficient basis to meet the low
standard of likelihood of success on the merits.

Finally, as in *Qingdao Taifa*,

> There is also little doubt that the public
> interest is served by permitting the court to
> reach a considered decision regarding the
> agency's determination as to whether, and in
> what amount, duties are owed, before
> precluding the parties from litigating the
> issue.  No harm comes to either side by
> preserving the status quo.

*Qingdao Taifa*, 32 CIT at __, Slip Op. 08-118 at 3.

Upon consideration of the motion, defendant-intervenor's
opposition and plaintiff's reply, and after due deliberation, it
is hereby

ORDERED that plaintiff's motion for preliminary injunction
is granted; it is further

ORDERED that defendant United States, together with its
delegates, officers, agents, servants and employees of the United
States Department of Commerce and United States Customs and
Border Protection, shall be, and hereby are, enjoined during the
pendency of this action, including relevant appeals and remands,
from liquidating, or causing or permitting liquidation of, any

unliquidated entries into the United States of floor-standing,

metal-top ironing tables and certain parts thereof from China

that:

(1)   are subject to the antidumping duty administrative
      review, the results of which were published as
      Floor-Standing, Metal-Top Ironing Tables and
      Certain Parts Thereof from the People's Republic
      of China: Final Results of Antidumping Duty
      Administrative Review, 74 Fed. Reg. 11,085 (Dep't
      of Commerce Mar. 16, 2009) ("Final Results");

(2)   were produced and exported to the United States by
      plaintiff, Since Hardware (Guangzhou) Co., Ltd.;

(3)   were entered, or were withdrawn from warehouse,
      for consumption on or after August 1, 2006 through
      and including July 31, 2007; and

(4)   remain unliquidated as of 5:00 p.m. E.D.T. on the
      fifth business day after the day upon which copies
      of the Order are served by hand by plaintiff upon
      the following individuals and received by them or
      by their delegates:

Ann Sebastian
Director APO United/Import Administration Docket Center
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Avenue, NW, Room 1870
Washington, DC 20230

Jayson P. Ahern
Acting Commissioner of U.S. Customs and Border
Protection
Attn: Alfonso Robles, Esq., Chief Counsel
U.S. Bureau of Customs and Border Protection
1300 Pennsylvania Avenue, NW, Room 4.4B
Washington, DC 20229


It is further

ORDERED that plaintiff shall file a certificate of service

within three (3) business days of serving the Order on the above-

referenced individuals; and

ORDERED that this injunction shall expire upon entry of a final and conclusive court decision in this litigation, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e).

/s/ Richard K. Eaton
Richard K. Eaton

Dated:    March 27, 2009
          New York, New York